United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2006-NC5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC5,<br><br>    Plaintiff,<br><br>  v.<br><br>MARGUERITE WHITE and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____/ | No. C 13-0102 SI<br><br>**ORDER REMANDING CASE TO SUPERIOR COURT FOR ALAMEDA COUNTY; VACATING CASE MANAGEMENT CONFERENCE**2 |

This case stems from an action for unlawful detainer under California state law. Plaintiff purchased the property located at 855 West Sunset Boulevard Unit B, Hayward, California 94541, at a trustee's sale on August 12, 2011.[1] On November 19, 2012, plaintiff served a Notice to Quit on defendant. When defendant failed to vacate the property, filed an action for unlawful detainer in Alameda County Superior Court on November 20, 2012. Defendant removed the action to this Court on January 9, 2013.

The district court has an ongoing and "independent duty to ensure its own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Here, the removing defendant has failed to

---

[1] The underlying complaint lists August 12, 2011 as the date of the sale. Attached to the underlying complaint as Exhibit 1 was a copy of the Trustee's Deed Upon Sale. Although the removing defendant states that she has attached to the Notice of Removal "all process pleadings, and orders" from the state court action, she has not attached the underlying complaint's exhibits, including Exhibit 1, to the Notice of Removal. Accordingly, the Court is unable to verify the precise date of the sale, but assumes the date listed is accurate.

establish any basis for federal jurisdiction. Accordingly, for the reasons set forth below, the Court REMANDS this action to the Alameda County Superior Court and VACATES the April 26, 2013 Case Management Conference.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921)).

**DISCUSSION**

Defendant's Notice of Removal asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.[2] In particular, defendant urges that this Court has federal question jurisdiction because of (1) a proposed cross-claim for violation of 15 U.S.C. 1641(g) (the Truth in Lending Act "TILA");

---

[2] Defendant also asserts that there is a "federal question arising under federal law," because "this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28." That section deals with bankruptcy courts and has no clear relation to this matter.

2

(2) a Fourteenth Amendment due process claim arising from property interests damaged by the alleged unlawful foreclosure; and (3) a dispute over whether plaintiff has legal standing to claim ownership in the property at issue.

However, none of these issues would justify removal jurisdiction. The Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because the case does not arise from federal law. Removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule). From the face of the complaint, this Court lacks jurisdiction because there are no federal claims alleged in the unlawful detainer complaint. Although defendant mentions a counterclaim in the Notice of Removal, no such claim has been filed with this Court. Moreover, it is well-established that a defense that raises a federal question is inadequate to confer federal jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Not only has defendant failed to file a counterclaim, even if she had, she could not skirt this rule by mislabeling a TILA defense as a counterclaim. To the extent defendant argues that there is Fourteenth Amendment due process violation for injury to her property interests, that violation is nowhere present in the complaint and there are no allegations that plaintiff is a state actor for Fourteenth Amendment purposes. Finally, the claim that the foreclosure was invalid because plaintiff lacked standing presents only a question under California law, not federal law.

Accordingly, this Court lacks subject matter jurisdiction and therefore *sua sponte* REMANDS this action to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: April 24, 2013

SUSAN ILLSTON
United States District Judge

3